# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

FORE EARL NORMAN, III                                                                    PLAINTIFF

V.                              NO: 5:10CV00001 JMM/HDY

McCONNICH *et al.*                                                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

> 3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, currently held at the W.C. Dub Brassell Detention Facility, filed a *pro se* complaint on January 4, 2010, alleging that a letter from the public defender's office which was addressed to him was opened when he received it on November 21, 2009. According to Plaintiff, a detention center official told him it was a mistake, and in the future all of Plaintiff's legal mail would be opened in his presence. Because a single instance of opened legal mail is insufficient to establish a constitutional violation, Plaintiff's complaint should be dismissed.

### I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."

In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

Privileged prisoner mail is mail to or from an inmate's attorney and identified as such, and may not be opened for inspections for contraband except in the presence of the prisoner. *Jensen v. Klecker*, 648 F.2d 1179, 1182 (8th Cir. 1981); *citing Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974). Although the mail identified in his complaint appears to meet the definition for privileged mail, Plaintiff has described only a single instance of such mail being opened outside his presence, in contrast to the allegations of ongoing and deliberate opening of privileged mail at issue in *Jensen*. Furthermore, Plaintiff was told that it was a mistake, and that Plaintiff's legal mail would be opened in his presence in the future. The Eighth Circuit has held that such facts are insufficient to state a claim for relief. *See Gardner v. Howard*, 109 F.3d 427, 430-431 (8th Cir. 1997) (isolated instance of opening confidential mail without evidence of improper motive or interference with inmate's right to counsel or access to the courts does not give rise to constitutional violation). Accordingly,

3

Plaintiff's complaint should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __20__ day of January, 2010.

_____
UNITED STATES MAGISTRATE JUDGE